UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CASE NO. 3:21-CR-68-KHJ-FKB

BRANDON WALKER CAGE

ORDER

Before the Court is Defendant Brandon Walker Cage's [38] Motion to Dismiss the Indictment. For the following reasons, the Court denies the motion.

I. Background

A federal grand jury indicted Cage on one count of possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment [3]. Cage filed this motion, arguing § 922(g)(1) violates the Second Amendment under the United States Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111 (2022). He asks the Court to dismiss the charge against him. [38].

II. Standard

A party may raise by pretrial motion "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). That includes a motion to dismiss for "a defect in the indictment." *Id.* 12(b)(3)(B). Dismissing an indictment is "extraordinary and unusual relief" as it "encroaches upon the fundamental role of the grand jury." *United States v. Cockerham*, No. 5:21-CR-6, 2022 WL 4229314, at *1 (S.D. Miss. Sept. 13, 2022) (citations omitted).

The propriety of such a motion turns on whether the defect involves a question of law or fact. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citations omitted). If it involves a question of law, the Court should consider the motion. *Id.*

### III.  Analysis

Cage argues the Court should dismiss the indictment because § 922(g)(1) is unconstitutional as applied to him after the United States Supreme Court's decision in *Bruen*, which changed the Second Amendment analysis. [38] at 4. The Government disagrees.

The Second Amendment protects "the right of the people to keep and bear Arms." U.S. Const. amend. II. But like most constitutional rights, the Second Amendment has limits. *See District of Columbia v. Heller*, 554 U.S. 570, 595 (2008) (comparing Second Amendment rights to First Amendment freedom of speech). In *Heller*, the Supreme Court established a "text and history" analysis to determine whether a firearm regulation complies with the Second Amendment. *Bruen*, 142 S. Ct. at 2127-29. Since *Heller*, federal appellate courts have analyzed Second Amendment challenges under a two-step framework that "combines history with means-end scrutiny." *Bruen*, 142 S. Ct. at 2125. But the *Bruen* Court recently rejected that approach and reaffirmed the text-and-history approach established in *Heller*. *Id.* at 2126.

The text-and-history analysis involves a presumption and a burden. The Second Amendment presumptively protects conduct that falls under its "plain text." *Id.* at 2129-30. The Government then bears the burden of demonstrating that a

regulation prohibiting that conduct complies with "the Nation's historical tradition of firearm regulation." *Id.* at 2130; *See also United States v. Daniels*, No. 1:22-CV-58, 2022 WL 2654232, at *1-3 (S.D. Miss. July 8, 2022) (Guirola, J.) (analyzing § 922(g)(3) under *Bruen*).

A. Text

The relevant text in the Second Amendment is "the right of the people to keep and bear Arms shall not be infringed." *Daniels*, 2022 WL 2654232, at *2. (quoting *Bruen*, 142 S. Ct. at 2127). In recently analyzing § 922(g)(3), another subsection of the same statute Cage challenges, this Court considered whether that text protected both the conduct the regulation prohibits and the individuals the regulation applies to. *See id*. While the Court found the Second Amendment's plain text facially covered the statute's regulated conduct (possession of any firearm or ammunition), it doubted whether the text facially covered the applicable individuals (unlawful drug users and those suffering from addiction). *See id*. The Court reasoned that *Bruen* defined "the people" as "ordinary, law-abiding, adult citizens." *Id.*

The challenged statute here likewise restricts "possess[ion]" of "any firearm or ammunition." 18 U.S.C. § 922(g)(1). The only difference is § 922(g)(3) applies to users or addicts of controlled substances while § 922(g)(1) applies to felons. *Compare* 18 U.S.C. § 922(g)(3) ("an unlawful user of or addicted to any controlled substance") *with* 18 U.S.C. § 922(g)(1) ("has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year"). The Second

Amendment's text likewise facially covers the conduct § 922(g)(1) restricts, but whether it covers felons is unclear. Still, this Court has allowed § 922(g)(1) to pass the textual analysis and move on to the historical analysis. *Daniels*, 2022 WL 2654232, at *2-3; *See also Cockerham*, 2022 WL 4229314, at *2 (Bramlette, J.).

    B.  History

If the Second Amendment's text presumptively protects the proscribed conduct, *Bruen* requires the law to be consistent with "a historical tradition of firearm regulation." *Cockerham*, 2022 WL 4229314, at *2 (citing *Bruen*, 142 S. Ct. at 2129-30). That inquiry "will often involve reasoning by analogy" and turn on "whether two regulations are relevantly similar." *Id.* (internal quotation omitted).

This Court has "already recognized that § 922(g)'s restriction on possession of firearms by felons . . . has a long and established history in English and American common law.'" *Id.* (quoting *Daniels*, 2022 WL 2654232, at *3). In that analysis, it also noted "[f]ederal courts nationwide have rejected similar constitutional challenges to the felon-in-possession statute." *Id.* (collecting cases). Even more courts have rejected the same challenge to § 922(g)(1) since then. *See United States v. Charles*, No. 22-CR-154, 2022 WL 4913900, at *11-12 (W.D. Tex. Oct. 3, 2022) (rejecting facial and as-applied challenge); *United States v. Gray*, No. 22-CR-247, 2022 WL 16855696, at *2-3 (D. Colo. Nov. 10, 2022) (rejecting facial challenge); *United States v. Carpenter*, No. 1:21-CR-86, 2022 WL 16855533, at *4 (D. Utah Nov. 10, 2022) (collecting cases and rejecting facial challenge); *United States v. Riley*, No. 1:22-CR-163, 2022 WL 7610264, at *13 (E.D. Va. Oct. 13, 2022) (rejecting

4

as-applied challenge); *United States v. Hill*, No. 21-CR-107, 2022 WL 4361917, at *3 (S.D. Cal. Sept. 20, 2022) (rejecting as-applied challenge). The Court agrees and finds § 922(g)(1) complies with the Second Amendment.

Cage's argument that § 922(g)(1) is unconstitutional based on the circumstances of his convictions does not distinguish his case either. He argues his 20-year-old felony convictions involved guilty pleas and minor sentences. [38] at 10-11. Aside from his one-year abduction sentence in Ohio, he received sentences of over one year for all other convictions. He cites no authority distinguishing himself from any other individual subject to § 922(g)(1). The Court also declines to dismiss his indictment on that basis.

IV. Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. For the foregoing reasons, the Court DENIES Defendant Brandon Walker Cage's [38] Motion to Dismiss the Indictment.

SO ORDERED, this the 28th day of November, 2022.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE